UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SARPRIO DORANTI, | Case No. 20-CV-0549 (PJS/DTS) |
| Petitioner, | |
| v. | ORDER |
| JODI HARPSTEAD, DHS Commissioner and GUY BOSEHER, DOC Warden, | |
| Respondents. | |

Sarprio Doranti, pro se.

Edwin William Stockmeyer, III and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE; Theresa M. Couri, HENNEPIN COUNTY ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Sarprio Doranti's objection to the May 8, 2020 Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz.  ECF No. 16.  Judge Schultz recommends denying Doranti's application for a writ of habeas corpus without prejudice.  ECF No. 15.  Judge Schultz further recommends denying Doranti's application to proceed in forma pauperis and his motion for a temporary restraining order as moot.  ECF Nos. 2, 12.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court adopts the R&R in part and requests additional briefing from Doranti as described below.

Doranti was civilly committed as a psychopathic personality in 1992.[1] *See In re Holly*, No. C9-92-1055 (Minn. Ct. App. Sept. 29, 1992).[2] Although Doranti purports to bring his present habeas application under 28 U.S.C. § 2241, Doranti is civilly committed pursuant to a state-court order. Consequently, Doranti may only obtain federal habeas relief pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001). As Judge Schultz explains, § 2254 applications are subject to various statutory restrictions—including restrictions on second or successive filings. *See* 28 U.S.C. § 2244(b). Because Doranti has previously challenged his civil commitment in federal habeas proceedings, and because the Eighth Circuit has not granted Doranti permission to file a second or successive § 2254 application, Judge Schultz recommends dismissing Doranti's habeas application pursuant to 28 U.S.C. § 2244(b).

The Court agrees that to the extent Doranti's habeas application challenges his *initial* civil commitment, the application is second or successive. Doranti has challenged the validity of his initial civil commitment in two previous § 2254 actions. *See Holly v.*

---

[1]In 1994, Doranti was indefinitely committed pursuant to a new state-court order. *See In re Holly*, No. C9-94-492, 1994 WL 396314 (Minn. Ct. App. Aug. 2, 1994), *review denied* (Minn. Sept. 28, 1994). The Court collectively refers to the 1992 and 1994 orders as Doranti's "initial civil commitment."

[2]Doranti legally changed his name from Elliott Holly to Doranti Sarprio in 2005. *See In re Application of Elliott B.B. Holly for a Change of Name*, No. 13-CV-05-90 (Chisago Cty. Dist. Ct. 2005).

*Harry*, No. 01-CV-1324 (JMR/FLN) (D. Minn. Oct. 31, 2001) (dismissing Doranti's claims challenging his criminal convictions and initial civil commitment as untimely, and dismissing Doranti's claims challenging his ongoing commitment for failure to exhaust state remedies); *Doranti v. Dep't of Human Servs.*, No. 13-CV-1667 (DWF/LIB), 2013 WL 3974532 (D. Minn. July 30, 2013) (dismissing Doranti's challenge to his initial civil commitment as second or successive). Doranti's present application does not raise any challenge to his initial civil commitment that could not have been raised at the time of his first § 2254 application. Doranti's habeas application is therefore second or successive with respect to these claims. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007).

But Doranti's habeas application is *not* second or successive to the extent that Doranti challenges his *continued* civil commitment. The Eighth Circuit's decision in *Morgan v. Javois*, 744 F.3d 535 (8th Cir. 2013) is instructive. Like Doranti, petitioner Reginald Morgan's first § 2254 application challenging his initial civil commitment order was denied. *Id.* at 536–37. Three years later, Morgan filed a second § 2254 application challenging the state's recent denial of his request for conditional discharge. *Id.* at 537. Morgan argued that he was "rehabilitated" and no longer "a danger to himself and others," rendering the state's refusal to discharge him unlawful. *Id.* The district court dismissed the application as second or successive, and the Eighth Circuit

reversed. The court explained that the relevant state-court judgment for purposes of Morgan's second § 2254 application was the denial of Morgan's request for conditional discharge, rather than his initial civil commitment order. *Id.* at 538. "Just as a claim that mental incompetence precludes execution is unripe until execution is imminent, and a parole-related claim is unripe until after the parole hearing, a challenge to a state-court decision regarding the legality of an insanity acquittee's continued confinement is unripe until that decision is rendered."³ *Id.* (internal citations omitted). Like Morgan, Doranti has attempted on multiple occasions to obtain a discharge from his ongoing civil commitment.⁴ Under Minn. Stat. § 253D.27, individuals who have been civilly

---

³*See also Revels v. Sanders*, 519 F.3d 734, 740 (8th Cir. 2008) (in determining whether § 2254 application challenging petitioner's ongoing civil commitment was timely, the relevant state-court judgment was the most recent denial of his petition for release, rather than his initial commitment order); *Crouch v. Norris*, 251 F.3d 720, 724–25 (8th Cir. 2001) (habeas petition challenging refusal to grant parole was not second or successive); *Canada v. Snell*, No. 19-CV-0764 (JRT/SER), 2019 WL 2492778, at *1 n.1 (D. Minn. May 15, 2019) (habeas petition alleging prisoner would be incarcerated longer than necessary based on his potential status of homelessness upon release was not second or successive), *R&R adopted*, 2019 WL 2491961 (D. Minn. June 14, 2019).

⁴In recommending dismissal of Doranti's 2001 habeas application, Magistrate Judge Franklin Noel noted that Doranti had filed petitions for a reduction in custody in 1995, 1997, and 2000. *See Holly v. Harry*, No. 01-CV-1324 (JMR/FLN), ECF No. 7 (D. Minn. Oct. 15, 2001). A brief review of publicly available state-court records reveals that Doranti also petitioned for a reduction in custody in 2006, 2011, and 2017. *See Holly v. Goodno*, No. A05-2195 (Minn. Ct. App. Jan. 4, 2006) (voluntarily dismissing proceedings); *Holly v. Ludeman*, No. AP06-9030 (Judicial Appeal Panel, Dec. 18, 2006); *Doranti v. Jesson*, No. AP11-9095 (Judicial Appeal Panel, Dec. 16, 2011); *In re Civil Commitment of: Sarprio B. Doranti*, No. AP17-9033 (Judicial Appeal Panel, Mar. 2, 2017).

committed as psychopathic personalities may file a petition for a "reduction in custody" with a "special review board."[5] Following a hearing on the petition, the special review board issues a recommendation. The petitioner may seek a rehearing and reconsideration of the recommendation from the judicial appeal panel. Minn. Stat. § 253D.28. If the judicial appeal panel ultimately denies the petition, the petitioner may seek review from the Minnesota Court of Appeals. *Id.*

Doranti's habeas application repeatedly refers to this process, stating that "the results of the DHS three (3) judge panel [have] [a]lways been negative." ECF No. 1 at 6; *see also id.* at 2. Doranti strenuously argues that he is not mentally ill and is not a danger to the community. *See* ECF No. 1 at 6–8, 10, 17; ECF No. 10 at 2–4; ECF No. 16 at 2–3. To this end, Doranti has filed a series of prison kite forms dated between January 2018 and March 2020, which forms (according to Doranti) prove that he is not currently suffering from any mental illness. *See* ECF Nos. 1-1, 1-2, 1-3, 10-1. Doranti also attached to his habeas application what appears to be an excerpt of a September 2019 petition for a reduction in custody prepared on his behalf and addressed to the special review board. ECF No. 1 at 12–15; ECF No. 13. The Court therefore finds that, liberally

---

[5]The special review board is established by the Commissioner of the Minnesota Department of Human Services. *See* Minn. Stat. § 253B.18, subd. 4c. The judicial appeal panel is established under Minn. Stat. § 253B.19, subd. 1.

construed, Doranti's habeas application fairly presents a challenge to his *continued* commitment based on the denial of his petition (or petitions) for a reduction in custody.

Although this claim is not second or successive within the meaning of § 2244(b), Doranti still must exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). Doranti asserts in his objection to the R&R that he has "exhausted his state remedies," but he provides no specifics, and nothing in the record supports his assertion. ECF No. 16 at 1; *see also* ECF No. 1 at 6. Doranti is therefore ordered to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A). Doranti's response must specifically describe the claims that he is raising and must specifically describe how and when those claims were presented to and disposed of by the special review board, the judicial appeal panel, the Minnesota Court of Appeals, and the Minnesota Supreme Court.

Again, Doranti's response must be *specific*. Doranti must include an affidavit identifying each petition for a reduction in custody that he has filed pursuant to Minn. Stat. § 253D.27 (or its statutory predecessors) in which he made the claims that he seeks to litigate in this federal action. As to each such petition, the affidavit must describe the claims made by Doranti and state: (1) when the special review board issued a recommendation on the petition and the nature of that recommendation; (2) whether and when Doranti sought rehearing and reconsideration of the recommendation from

the judicial appeal panel; (3) when the judicial appeal panel ruled on Doranti's request and the nature of that ruling; (4) whether and when Doranti asked the Minnesota Court of Appeals to review the ruling of the judicial appeal panel; (5) when the Minnesota Court of Appeals issued a decision on Doranti's appeal and the nature of that decision; (6) whether and when Doranti asked the Minnesota Supreme Court to review the decision of the Minnesota Court of Appeals; and (7) when the Minnesota Supreme Court issued a decision in Doranti's case and the nature of that decision.

The Court cautions Doranti that it will not do his legal work for him, nor will it accept general assurances that he has exhausted his state remedies. If Doranti fails to file a response containing the specific information required by this order by August 10, 2020, the Court will dismiss Doranti's habeas petition without prejudice.

Two final matters warrant brief discussion. First, in addition to his claims challenging his civil commitment, Doranti has filed several documents challenging the conditions of his confinement. *See* ECF Nos. 8, 11–12, 17. These filings include a motion for a temporary restraining order and three letters addressed to the Court. *Id.* As Judge Schultz explains, Doranti cannot challenge both the legality of his confinement and the conditions of his confinement in a single lawsuit. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014). If Doranti wishes to litigate his conditions-of-confinement

claims, he may do so by filing a separate lawsuit under 42 U.S.C. § 1983.[6]  Doranti's claims regarding the conditions of his confinement—including those presented in his motion for a temporary restraining order—are denied without prejudice.

Second, Doranti has repeatedly requested that the Court appoint counsel to assist him in litigating his claims.  ECF Nos. 5, 16–17.  There is no constitutional or statutory right to counsel in habeas proceedings.  *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)).  The Court may, however, appoint counsel in habeas proceedings upon finding that the "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In making this determination, courts consider (1) whether the petitioner has made non-frivolous arguments; (2) the legal and factual complexity of the case; and (3) the petitioner's ability to investigate and present his claims.  *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).  In this case, neither the facts nor the legal issues are so complex as to warrant the appointment of counsel.

---

[6]Doranti is a serial litigant who knows very well how to initiate a § 1983 action. *See, e.g.*,*Doranti v. Churchill*, No. 19-1454 (PJS/SER) (D. Minn. July 29, 2019); *Doranti v. Minn. Dep't of Human Servs.*, No. 17-3900 (PAM/HB) (D. Minn. Oct. 31, 2017);  *Doranti v. Minnesota*, No. 15-CV-3247 (DWF/LIB) (D. Minn. Sept. 6, 2016); *Doranti v. Moser*, No. 15-CV-3119 (DWF/LIB) (D. Minn. Dec. 15, 2014); *Doranti v. Moser*, No. 14-CV-0767 (DWF/LIB) (D. Minn. May 5, 2014); *Doranti v. Moser*, No. 13-CV-1408 (DWF/LIB) (D. Minn. Oct. 31, 2013);  *Doranti v. Zauhar*, No. 12-CV-1509 (DWF/LIB) (D. Minn. Sept. 4, 2012); *Doranti v. Carlton Cty.*, No. 11-CV-0685 (DWF/LIB) (D. Minn. Sept. 29, 2011); *Holly v. Carlton Cty.*, No. 03-CV-1012 (JMR/FLN) (D. Minn. Mar. 28, 2003); *Holly v. Langhurst*, No. 02-CV-0675 (JMR/FLN) (D. Minn. Jan. 30, 2003); *Holly v. Harry*, No. 01-CV-1423 (JMR/FLN) (D. Minn. Aug. 30, 2002); *Holly v. Minn. Dep't of Human Servs.*, No. 00-0767 (JMR/FLN) (D. Minn. May 25, 2000).

Further, Doranti is a very experienced litigator who has often demonstrated that he is able to litigate his cases and communicate effectively with the Court. It does not appear that appointing counsel would substantially benefit Doranti in this action. The Court therefore finds that the interests of justice do not require the appointment of counsel.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS IN PART the May 8, 2020 R&R [ECF No. 15]. IT IS HEREBY ORDERED THAT:

1. Petitioner Sarprio Doranti's motion for a temporary restraining order [ECF No. 12] is DENIED WITHOUT PREJUDICE.

2. Doranti is ORDERED to submit a written memorandum and affidavit on or before August 10, 2020, showing cause why this action should not be summarily dismissed pursuant to 28 U.S.C. § 2254(b)(1).

3. If Doranti fails to file a response as required by this order within the time allowed, Doranti's application for habeas corpus will be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 2254(b)(1).

Dated:  July 2, 2020                                  s/Patrick J. Schiltz
                                                      Patrick J. Schiltz
                                                      United States District Judge