UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SARPRIO DORANTI,   Case No. 20-CV-0549 (PJS/DTS)

Petitioner,

v.   ORDER

JODI HARPSTEAD, DHS Commissioner
and GUY BOSEHER, DOC Warden,

Respondents.

Sarprio Doranti, pro se.

Edwin William Stockmeyer, III and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE; Theresa M. Couri, HENNEPIN COUNTY ATTORNEY'S OFFICE, for respondents.

Petitioner Sarprio Doranti was civilly committed as a psychopathic personality in 1992.  Since that time, he has made a cottage industry out of litigation, filing at least a dozen lawsuits in this Court and countless actions in the state system.  This matter is before the Court on Doranti's latest application for a writ of habeas corpus.  ECF No. 1.

On July 2, 2020, the Court ordered Doranti to show cause why his application should not be dismissed pursuant to 28 U.S.C. § 2254(b)(1) for failure to exhaust his state-court remedies.  ECF No. 18.  Specifically, the Court instructed Doranti to file a response "identifying each petition for a reduction in custody that he has filed pursuant to Minn. Stat. § 253D.27 (or its statutory predecessors) in which he made the claims that

he seeks to litigate in this federal action." *Id.* at 6.  With respect to each such petition, the Court instructed that Doranti must describe the claims that he raised and state:

> (1) when the special review board issued a recommendation on the petition and the nature of that recommendation; (2) whether and when Doranti sought rehearing and reconsideration of the recommendation from the judicial appeal panel; (3) when the judicial appeal panel ruled on Doranti's request and the nature of that ruling; (4) whether and when Doranti asked the Minnesota Court of Appeals to review the ruling of the judicial appeal panel; (5) when the Minnesota Court of Appeals issued a decision on Doranti's appeal and the nature of that decision; (6) whether and when Doranti asked the Minnesota Supreme Court to review the decision of the Minnesota Court of Appeals; and (7) when the Minnesota Supreme Court issued a decision in Doranti's case and the nature of that decision.

*Id*. at 6–7.  The Court cautioned that "general assurances that [Doranti] has exhausted his state remedies" would not suffice, and that if Doranti failed to file an adequate response, the Court would dismiss Doranti's habeas petition without prejudice.  *Id.* at 7.

Doranti filed a response to the Court's order on July 30, 2020.  ECF Nos. 19–20.  In that response, Doranti generally alleges that he has "exhausted [his] state remedies through [the] state court of appeals and through the special review board (SRB)."  ECF No. 19 at 3; *see also id.* at 6–8; ECF No. 20 at 4.  Although Doranti states that he and his lawyers have "filed dozens of petitions to the SRB," ECF No. 19 at 7, Doranti does not describe the claims raised in those petitions, nor does he state whether he appealed the denial of those petitions to the Minnesota Court of Appeals or to the Minnesota

Supreme Court. As to timing, Doranti states that "[f]rom 1993 through 2020 I have filed appeals and SRB petitions," but gives no other information that would allow this Court to determine whether Doranti's claims are exhausted for purposes of § 2254(b)(1), or whether his habeas application is timely for purposes of § 2244(d). *Id.* at 7.

Doranti explains that he is currently in solitary confinement and is not allowed "personal mail," "legal property," "law books," or phone calls. ECF No. 20 at 1. The Court will assume, for the sake of argument, that Doranti is being truthful about the conditions of his present confinement. Given Doranti's limited resources, the Court would accept a response from him that was not as specific as the Court requested in its July 2, 2020 order. But Doranti has provided *no* specifics. Even under the conditions of his present confinement, Doranti could have provided *some* description of the nature, timing, and disposition of his state-court proceedings beyond the general assertion that he has "filed multiple state court appeals and special review board (SRB) petitions." ECF No. 19 at 6.

The Court warned Doranti in its July 2, 2020 order that it would not "do his legal work for him" and that it would not "accept general assurances that he has exhausted his state remedies." ECF No. 18 at 7. Doranti's response does not even make a good-faith effort to provide the information that would allow this Court to find that his claims are exhausted and that his habeas application is timely.

The Court therefore finds that dismissal of Doranti's § 2254 application is warranted.  Doranti's renewed request for appointment of counsel is denied for the reasons stated in the Court's July 2, 2020 order.  *See* ECF No. 18 at 8–9.  Finally, the Court finds that Doranti's failure to exhaust his state remedies is not debatable.  As a result, no certificate of appealability will issue.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Sarprio Doranti's application for a writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 2254(b)(1).

2. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 31, 2020
                                                  s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge